UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT Z. WHIPPLE, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:24-CV-335-TRM-JEM |
| | ) |
| MARGARET MCINTOSH and JULIE NEWMAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

  This is a pro se action for violation of 42 U.S.C. 1983 in which Plaintiff, a former inmate in the Knox County Detention Center ("KCDF"), claims he did not timely receive needed medical treatment during his KCDF confinement (Doc. 172). Now before the Court are various pending motions, which the Court categorizes as follows: (1) motions to quash Plaintiff's subpoenas (Docs. 153, 179); (2) Plaintiff's motion for an extension of time to file a response to the second motion to quash (Doc. 182) and motion for an extension of time to respond to a supplement Defendants filed with their motion to dismiss (Doc. 194); (3) Defendants' motion to dismiss (Doc. 183) and motion to stay discovery until after the Court has ruled on the motion to dismiss (Doc. 184); (4) Plaintiff's motion for contempt (Doc. 188); (5) motions regarding deadlines (Docs. 195, 208); and (6) Plaintiff's motion to compel discovery (Doc. 204). The Court will address Defendants' motion to dismiss (Doc. 183) before addressing the remaining motions.

**I. MOTION TO DISMISS**

  In its previous order, the Court notified Defendants that, as it applied the screening standard set forth in that order to Plaintiff's amended complaint in a manner that was

substantively identical to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court would look unfavorably on any motions to dismiss this action for failure to state a plausible claim for relief (Doc. 171 at 2–3).[1] Rather than heed this notification and file an answer to that amended complaint, however, Defendants chose to file a motion to dismiss Plaintiff's most recent amended complaint asserting (1) that the Court lacks subject matter jurisdiction; (2) that Plaintiff lacks facial and factual standing to bring his claims against them; (3) the defense of qualified immunity; and (4) that Plaintiff's requests for injunctive relief in his amended complaint are now moot due to him moving to a new facility (Doc. 183). However, as Plaintiff correctly points out in his response in opposition to this motion (Doc. 189), Defendants' arguments in their motion to dismiss that this Court lacks subject matter jurisdiction and Plaintiff lacks standing are, in substance, only thinly disguised arguments that the amended complaint fails to state a claim upon which relief may be granted under § 1983 (Doc. 183, at 2–7).

Thus, for the same reasons and based on the same standard the Court set forth in its previous order (Doc. 171), the Court finds that Plaintiff's amended complaint plausibly alleges that Defendants McIntosh and Newman violated Plaintiff's constitutional rights by "act[ing] deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm [to Plaintiff] that [wa]s either known or so obvious that it should [have] be[en] known.'" *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023) (citations omitted). Specifically, in his amended complaint, Plaintiff alleges in relevant part that on July 2, 2024, after Plaintiff had told numerous jail officials about his "Barrett's, abnormal biopsy, and need for GI follow-

---

[1] The Court also notified Plaintiff that that the Court would look unfavorably on any future (1) motions seeking to control the conditions of his confinement; and (2) any attempts to amend his complaint, whether through piecemeal filings or a full complaint (*Id.* at 2). Plaintiff has heeded that notification.

2

Case 3:24-cv-00335-TRM-JEM   Document 211   Filed 03/02/26   Page 2 of 10
PageID #: 940

up" and a jail doctor had prescribed Plaintiff GI medication, Defendant Newman ordered Defendant McIntosh to schedule Plaintiff for an esophagogastroduodenoscopy ("EGD"), but neither Defendant McIntosh nor Defendant Newman ensured that Plaintiff timely received this procedure in a manner that caused him injury. These allegations state a plausible claim for violation of § 1983 as to Defendant Newman and Defendant McIntosh for which Plaintiff has standing and over which this Court has jurisdiction.

The Court also finds that Defendants are not entitled to qualified immunity, as Defendants' denial of a timely EGD to Plaintiff under the alleged circumstances violated a clearly established right. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 (6th Cir. 1972) ("[W]here the circumstances are clearly sufficient to indicate the need of medical attention for injury or illness, the denial of such aid constitutes the deprivation of constitutional due process."); *see also Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 552 (6th Cir. 2009); *Estate of Carter v. City of Detroit,* 408 F.3d 305, 313 (6th Cir. 2005).

However, as the parties agree that Plaintiff's requests for injunctive relief in his amended complaint are moot due to him moving to a different facility, these requests will be **DISMISSED**.

Accordingly, Defendants' motion to dismiss (Doc. 183) is **DENIED in part** to the extent it seeks dismissal of any substantive part of this action and **GRANTED in part** to the extent that Plaintiff's requests for injunctive relief herein are **DISMISSED as moot**. Also, Defendants are (1) **NOTIFIED** that the Court will summarily deny any substantively similar motions to dismiss that they may file in this action and (2) **ORDERED** to file an answer to Plaintiff's relevant complaint (Doc. 172) within twenty-one days of entry of this order.

3

The Court also notes that, with their motion to dismiss, Defendants filed a supplement under seal (Doc. 185), Plaintiff filed a motion for extension of time to respond to that document asserting that he did not have access to the sealed supplement (Doc. 194), and Defendants then filed a notice indicating that they provided Plaintiff with a copy of the sealed supplement (Doc. 201). As the Court has now denied Defendants' motion to dismiss, the Court sees no reason for Plaintiff to respond to the sealed supplement. Accordingly, Plaintiff's motion for an extension of time to file a response to the sealed document (Doc. 194) is **DENIED as moot**.

## II. DISCOVERY MOTIONS

As the Court has now denied Defendants' motion to dismiss, Defendants' motion to stay discovery in this action pending resolution of their motion to dismiss (Doc. 184) is **DENIED as moot**. Defendants **SHALL** provide Plaintiff responses to any discovery requests he has propounded to them within thirty days of entry of this order. Defendants are **NOTIFIED** that the Court will not look favorably upon any motions to extend this deadline, and that the Court may impose sanctions if they fail to timely comply with this order.

Also, Plaintiff's motion to compel discovery, deem objections waived, and for sanctions (Doc. 204) is **GRANTED in part** only to the extent that the Court has now ordered Defendants to provide Plaintiff responses to any discovery requests he has propounded to them within thirty days of entry of this order and **DENIED in part** to the extent that it seeks to deem objections waived and sanctions.

## III. MOTIONS TO QUASH

Also before the Court are two motions to quash a subpoena Plaintiff issued to the Knox County Sheriff's Office ("KCSO") for items the Court summarizes as follows: (1) "All memoranda, correspondence, emails, or other message sent to [KCSO] employees, agents, or

officials on or after 6-15-2024 that pertains to or mentions [Plaintiff]"; (2) "All KCSO policies" regarding medical care for indigent inmates, payment for elective inmate surgeries and procedures, the definitions of "indigent" or "elective," "inmate medications," "medical devices," and "outside medical appointments"; (3) Plaintiff's inmate medical record from 6-15-2025 to the present; (4) two incident reports and all documents referencing those reports; and (5) personnel files for numerous individuals (Docs. 146, 153, 179).

In the first motion to quash this subpoena, former Defendants Knox County and Whitehead assert that the subpoena is duplicative of discovery requests Plaintiff sent them and unduly burdensome on KCSO (Doc. 153). Plaintiff responded to this motion by asserting that former Defendants Knox County and Whitehead lacked standing to challenge the subpoena (Doc. 174).

Defendant KCSO then filed the second motion to quash the subpoena, in which it asserts that it is not an entity subject to subpoena and that the subpoena is unduly burdensome, overly broad, duplicative, and unreasonable, as Defendants had not answered the complaint and filed a motion asserting the defense of qualified immunity (Doc. 179).

Plaintiff filed a motion for an extension of time to file a response to this motion (Doc. 182), to which Defendants did not file a response. Accordingly, this motion (*id.*) is **GRANTED** to the extent that the Court considers Plaintiff's response to that motion (Doc. 196) timely filed.

In his response to this motion, Plaintiff asserts that (1) KCSO is a party subject to subpoena; (2) Defendants lack standing to seek to quash the subpoena; (3) his request for these documents is not an attempt to circumvent qualified immunity, as it was filed before the current Defendants asserted this defense, which is not available to the KSCO; (4) the information sought is not outside the scope of relevant discovery; and (5) KSCO's assertion that the subpoena is

unduly burdensome is conclusory (Doc. 196).  KCSO filed a reply again asserting that it is not subject to subpoena, that it has standing to challenge the subpoena, and that Plaintiff has not met his burden to establish his need for the information he seeks in the subpoena (Doc. 199).

Under Rule 26(c)(1), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1).  The party requesting the protective order must establish good cause.  *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).  "A movant can satisfy Rule 26(c)'s 'good cause' requirement by showing that the proposed discovery is irrelevant."  *Robinson ex rel. T.R. v. Eli Lilly & Co.*, No. 5:17-388-KKC, 2019 WL 4803224, at *1 (E.D. Ky. Oct. 1, 2019) (citing *Anwar v. Dow Chem. Co.* 876 F.3d 841, 854 (6th Cir. 2017)).  Ultimately, the decision of whether to enter a protective order is within the Court's discretion.  *Pictsweet Co. v. R.D. Offutt Co.*, No. 3:19-CV-0722, 2020 WL 12968432, at *4 (M.D. Tenn. Apr. 23, 2020) (citation omitted).

As both of the parties have noted, Plaintiff issued the relevant subpoena to KCSO (Doc. 146) before the Court narrowed his claims to those proceeding herein (Doc. 171).  The Court further notes Plaintiff also issued this subpoena to KCSO prior to Defendants participating in discovery.  However, as set forth above, the Court has now ordered Defendants to respond to Plaintiff's discovery.  Thus, it is unclear whether Plaintiff will still need all the items requested in the KCSO subpoena for his only claims proceeding herein after obtaining discovery responses.

Accordingly, the motions to quash (Docs. 153, 179) are **GRANTED in part** only to the extent that the Court will not order KCSO to respond to the relevant subpoena at this time. Nevertheless, if necessary and should Plaintiff so request, the Clerk may issue Plaintiff a new subpoena form after Defendants have responded to his discovery requests.

## IV. CONTEMPT

In its previous order, this Court ordered Defendants to respond to Plaintiff's discovery requests, file Plaintiff's medical records under seal with the Court, and provide Plaintiff with a copy of his medical records (Doc. 171, at 26). Defendants then filed both their motion to stay discovery (Doc. 184), which the Court addressed above, and a notice that they had filed a USB drive containing Plaintiff's medical records and a scheduling report with the Court (Doc. 186).

But Plaintiff has filed a motion for contempt asserting that Defendants failed to respond to his discovery requests or provide him with a copy of his medical records (Doc. 188), as well as a supplement indicating that although Defendants provided him with a USB drive containing his medical records, prison officials immediately confiscated that USB drive as contraband, and Plaintiff therefore has no way to view the records (Doc. 193, at 1). Plaintiff then argues that the Court should hold Defendants in contempt for their failure to fully comply with its previous order (*Id.* at 2–3). Defendants oppose this motion by noting that their failure to provide Plaintiff discovery cannot be considered misbehavior subjecting them to contempt of Court because they filed a motion to stay discovery, and that they object to Plaintiff's request for a hard copy of his medical records because it would cause them "needless expense" but do not object to the Court requiring Plaintiff to pay for copies (Doc. 198).

A party requesting that a court hold another party in contempt of court "bears the burden of proving by clear and convincing evidence that the respondent 'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Ranke v. Kerns*, No. 23-1938, 2024 WL 2123647, at *2 (6th Cir. May 7, 2024) (quoting *Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2006)). And a district court "construe[s] any ambiguity in favor of the party charged with

contempt." *Id.* (quoting *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017)). Moreover, "courts must exercise the contempt sanction with caution and use '[t]he least possible power adequate to the end proposed.'" *Id.* (quoting *Gascho,* 875 F.3d at 799).

The Court understands Plaintiff's frustration regarding Defendants' failure to participate in discovery despite the express language of the Court's prior order. The Court further notes that, if Defendants' most recent motion to dismiss was based solely on an argument that the relevant complaint does not state a plausible claim for relief under § 1983, Plaintiff's argument that the Court should hold Defendants in contempt due to that motion and their resulting failure to participate in discovery would be very strong. But, as set forth above, Defendants' motion to dismiss also sought to dismiss Plaintiff's claims against them due to qualified immunity, which provided some basis for Defendants to request to stay discovery. *Everson v. Leis*, 556 F.3d 484, 491, 492 (6th Cir. 2009) (noting that "[q]ualified immunity is intended not only to protect officials from civil damages, but just as importantly, to protect them from the rigors of litigation itself, including the potential disruptiveness of discovery . . . [and therefore] questions of qualified immunity should be resolved 'at the earliest possible stage in the litigation,' or else the 'driving force' behind the immunity-avoiding unwarranted discovery and other litigation costs- will be defeated.'"). Moreover, as it appears that Defendants attempted to give Plaintiff access to his medical records through a USB drive, the Court will not fault them for prison officials' seizure of that device.

Accordingly, the Court declines to hold Defendants in contempt or otherwise sanction them for failing to fully comply with the Court's previous order, and Plaintiff's motion for contempt (Doc. 188) is **DENIED**.

8

Case 3:24-cv-00335-TRM-JEM   Document 211   Filed 03/02/26   Page 8 of 10
PageID #: 946

Nevertheless, as to Plaintiff's inability to access his medical records that the Court has already ordered Defendants to provide to him, the Court orders that, due to Plaintiff's *in forma pauperis* status and the high relevance of these records in this action, within thirty days of entry of this order, Defendants **SHALL** either (1) work with prison officials at Plaintiff's facility to ensure that Plaintiff may view his medical records through the USB drive, or (2) provide Plaintiff with a hard copy of those medical records.

The Court further notes that, given the language of the instant memorandum and order, and as the Court has now found that Defendants are not entitled to qualified immunity herein, the Court may be inclined to grant Plaintiff sanctions in the future, should Defendants fail to timely provide Plaintiff discovery and access to his medical records.

## V. DEADLINES

Both parties have filed motions regarding extending deadlines in this case (Docs. 195, 208). These motions (*id.*) are **GRANTED** to the extent that the Court will enter an amended scheduling order.

## VI. CONCLUSION

For the reasons set forth above:

1. Defendants' motion to dismiss (Doc. 183) is **DENIED in part** to the extent it seeks dismissal of any substantive part of this action and **GRANTED in part** to the extent that Plaintiff's requests for injunctive relief are **DISMISSED as moot**;

2. Defendants are (1) **NOTIFIED** that the Court will summarily deny any substantively similar motions to dismiss this action and (2) **ORDERED** to file an answer to Plaintiff's relevant complaint (Doc. 172) within twenty-one days of entry of this order;

3. Plaintiff's motion for an extension of time to file a response to the sealed document Defendants filed with their motion to dismiss (Doc. 194) is **DENIED as moot**;

9

4. Defendants' motion to stay discovery in this action pending resolution of their motion to dismiss (Doc. 184) is **DENIED as moot**. Defendants **SHALL** provide Plaintiff responses to any discovery requests he has propounded to them within thirty days of entry of this order. Defendants are **NOTIFIED** that the Court will not look favorably upon any motions to extend this deadline, and that the Court may impose sanctions if they fail to timely comply with this order;

5. Plaintiff's motion to compel discovery, deem objections waived, and for sanctions (Doc. 204) is **GRANTED in part** only to the extent that the Court has now ordered Defendants to provide Plaintiff responses to any discovery requests he has propounded to them within thirty days of entry of this order and **DENIED in part** to the extent that it seeks to deem objections waived and sanctions;

6. Plaintiff's motion for an extension of time to file a response to the second motion to quash (Doc. 182) is **GRANTED** to the extent that the Court considers Plaintiff's response to that motion (Doc. 196) timely filed;

7. The motions to quash (Docs. 153, 179) are **GRANTED in part** only to the extent that the Court will not order KCSO to respond to the relevant subpoena at this time;

8. Within thirty days of entry of this order, Defendants **SHALL** either (1) work with prison officials at Plaintiff's facility to ensure that Plaintiff may view his medical records through the USB drive, or (2) provide Plaintiff with a hard copy of those medical records;

9. Plaintiff's motion for contempt (Doc. 188) is **DENIED**;

10. Both parties' motions regarding extending deadlines in this case (Docs. 195, 208) are **GRANTED** to the extent that the Court will enter an amended scheduling order; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**