UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

ROBERT Z. WHIPPLE, III,
    Plaintiff,

v.

No. 3:24-cv-335

KNOX COUNTY, et al.
    Defendants.

## MOTION FOR RULE 54(b) CERTIFICATION

Plaintiff hereby moves the Court, pursuant to Fed. R. Civ. P. 54(b), to direct entry of a final judgment as to Defendant Knox County. The Court dismissed this Defendant when screening the amended complaint, but did not make any determination as to whether final judgment should enter for this Defendant.

As an initial matter, this Court has jurisdiction to consider Plaintiff's Rule 54(b) motion. Normally, a notice of appeal operates to transfer jurisdiction from the district court to the court of appeals as soon as the notice is filed," but the Sixth Circuit has held that "a premature notice of appeal ripens upon the entry of a proper Rule 54(b) certification, regardless of whether the certification is entered *nunc pro tunc*." *Good v. Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997). This holding necessarily implies that the Court retains jurisdiction a Rule 54(b) motion.

Fed. R. Civ. P. 54(b) permits a district court to release a case for immediate appeal before the entry of final judgment as to all matters in dispute. *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986). Rule 54(b) calls for a two-prong analysis. *General Acquisition v. Gencorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994) (quotation omitted). Under the first prong, the entry of final judgment must be "as to one or more, but fewer than all,

claims or parties . . . ." *Id.*; Fed. R. Civ. P. 54(b). The ultimate disposition of one or more, but fewer than all parties satisfies this prong. *Thames v. City of Westland*, 2018 U.S. Dist. LEXIS 101294, at *4 (S.D. Mich. June 18, 2018) (citing *Lowery v. Fed. Express Corp.*, 426 F.3d 817, 821 (6th Cir. 2005)). The second prong requires a finding that there is no just reason to delay appellate review. *Gencorp*, 23 F.3d at 1026; Fed. R. Civ. P. 54(b). Courts consider the following non-exclusive list of factors in making this finding: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *Corrosioneering*, 807 F.2d at 1283.

The Court's dismissal of Plaintiffs' *Monell* claim against Knox County merits an entry of final judgment. Such an entry satisfies the first prong. The dismissal removed the Knox County from the case. Such an entry also satisfies the second prong - that there is no just reason to delay appellate review. First, The *Monell* claim is distinctly tethered to the issue of qualified immunity, which is currently before the Court of Appeals. An officer is entitled to qualified immunity unless a constitutional violation occurred and the rights at issue were clearly established at the time of the misconduct. *Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011) (quotations omitted). Knox County faces *Monell* liability if the constitutional violation resulted from a custom of tolerance or acquiescence towards deliberate indifference or if the county failed to adequately supervise its employees. See *Baez v. City of Cleveland*, Case No. 1:19 cv 623, 2019 U.S. Dist. LEXIS 221609, at *5 (N.D. Ohio Dec. 27, 2019). Accordingly, if the Court of Appeals

agrees with this Court's determination that Defendants are not entitled to qualified immunity, it can easily go one step further and determine whether the alleged constitutional violation is attributable to the Knox County's customs or inadequacy of supervision. Should the Court of Appeals find that Defendants are entitled to qualified immunity because no constitutional violation occurred, the Court of Appeals need not address the *Monell* claim. See *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 995 (6th Cir. 2017).

Second, the need for review of *Monell* liability will not be mooted by future developments in the district court. Third, permitting an appeal now will prevent the Court of Appeals from having to reconsider the alleged constitutional violation to determine whether it is attributable to Knox County. Fourth, there are no claims or counterclaims which could result in a set-off against summary judgment in favor of Knox County. Finally, judicial economy strongly favors an entry of final judgment on the *Monell* claim. The Court of Appeals is already reviewing this Court's denial of qualified immunity to Defendants. Extending the scope of the court of appeal's review slightly will resolve whether Knox County will remain a party to the action. The alternative, to have Plaintiff wait until the action is complete to appeal the *Monell* issue, creates the possibility that a second trial would be required to determine whether the alleged constitutional violation is attributable to Knox County.

Respectfully submitted on the 6th day of April, 2026.

Robert Z. Whipple, III
*Pro se* plaintiff
TOMIS # 399615
TTCC
140 Macon Way
Hartsville, TN 37074